[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12043

_____

D.C. Docket No. 1:16-cv-00035-LJA-TQL

WILLIAM MITCHELL,
Administrator of the Estate of
Blair Mitchell,

Plaintiff-Appellant,

versus

WARDEN, NOBLES,
Warden Care and Treatment,
MARK G. WOODS,
Medical Director,
J. HENDRICKS,
Administrator of Health Service,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 17, 2017)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

MARTIN, Circuit Judge:

In February 2016, Blair Mitchell filed a pro se civil rights suit against prison officials at Autry State Prison ("Autry"), where he was incarcerated. Mr. Mitchell alleged that the staff at Autry was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. More specifically, he alleged that the medical staff failed to treat his hepatitis C and that he developed liver cirrhosis as a result. The District Court dismissed his complaint. While his appeal was pending in this Court, Mr. Mitchell informed us that in addition to liver cirrhosis, he had also developed liver cancer. Mr. Mitchell died as a result of his illnesses on July 15, 2017. Mr. Mitchell's son, William Mitchell, has since substituted himself as the plaintiff-appellant.[1] After careful consideration, and with the benefit of oral argument, we reverse the District Court's dismissal of Mr. Mitchell's complaint and remand for proceedings consistent with this opinion.

## I.  BACKGROUND

A.  THE FACTS

Mr. Mitchell was a Georgia prisoner serving a life sentence. On February 22, 2016, he filed a pro se complaint under 42 U.S.C. § 1983 alleging Autry

---

[1] For convenience the Court will refer to both Blair Mitchell and his estate as "Mr. Mitchell."

2

officials' deliberate indifference to his serious medical needs.  He also filed a motion to proceed in forma pauperis ("IFP").

### 1.  Mr. Mitchell's Allegations

Mr. Mitchell had hepatitis C.  He alleged that he informed the prison medical staff of this diagnosis, but they failed to provide him "medication and/or treatment."  He said that due to "the lack of treatment[,] CIRRHOSIS has begun." He also said the medical staff refused to give him Harvoni, a "breakthrough" hepatitis C medication that, as alleged in the complaint, has been shown to cure the disease in "96–99% of patients . . . who had no prior treatment."

### 2.  Required Disclosure of Litigation History

Mr. Mitchell filed his complaint on a § 1983 prisoner complaint form. Section II of the form, titled "Previous Lawsuits," requires plaintiffs to disclose all prior civil suits and asks for various information about them.  The section begins with this warning:

> NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

After that warning, the form asks whether the plaintiff has "filed any [other] lawsuit while incarcerated."  Mr. Mitchell checked "Yes."  The form then asks:

> AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit

3

dismissed on the ground that it was frivolous, malicious, or failed to state a claim?

Mr. Mitchell checked "No" in response to this question.

B.  THE PRISON LITIGATION REFORM ACT

Because Mr. Mitchell is a prisoner, his suit is subject to the restrictions in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  Section 1915(g) of the PLRA generally bars a prisoner from proceeding IFP if he has previously filed three or more meritless lawsuits.  This provision is commonly known as the "three strikes" provision.  See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007). The three strikes provision says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Thus, the sole exception to the three strikes bar is where "the prisoner is under imminent danger of serious physical injury."  Id.; see also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").  Under our precedent, when a district

4

court denies a prisoner leave to proceed IFP under the three strikes provision, "the proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

C. THE DISTRICT COURT'S ORDER

As the PLRA requires, the District Court did a "preliminary screening" of Mr. Mitchell's complaint before the defendants filed any responsive pleading. See 28 U.S.C. § 1915A(a). In doing so, the District Court never mentioned whether the complaint stated a claim. Instead, the court decided to dismiss Mr. Mitchell's complaint for two separate reasons. First, the District Court found the three strikes provision applied and determined that Mr. Mitchell did not qualify for the imminent-danger exception. Second, and in the alternative, the court ruled that dismissal was appropriate as a sanction because Mr. Mitchell falsely stated on the complaint form that he had never had a lawsuit dismissed for failure to state a claim.[2]

### 1.  The Three Strikes Basis for Dismissal

First, the District Court explained why it found dismissal necessary under the three strikes provision. The court said its review of court records revealed that Mr. Mitchell had filed a number of previous lawsuits as a prisoner and that at least

---

[2] Although the District Court said its dismissal was "without prejudice," the court entered judgment in favor of the defendants the same day it entered its dismissal order.

5

three were dismissed for failure to state a claim.[3]  Because Mr. Mitchell had three strikes under § 1915(g), the District Court explained that he could not proceed IFP "unless he has shown an 'imminent danger' of serious physical injury in his Complaint."  The court found he failed to make this showing.  The court summarized Mr. Mitchell's hepatitis C allegations as: "medical staff are refusing to provide him with a break through medication said to cure 96–99% of patients with 'Hepatitis C.'"  Because he "merely complains he is not being provided different (or the newest available) treatment for his medical conditions," the court said Mr. Mitchell's allegations "do not describe a real and imminent danger of serious physical injury which would warrant exception to §1915(g)."  Having found that Mr. Mitchell failed to satisfy the imminent-danger exception to the three strikes provision, the District Court denied his motion to proceed IFP and, pursuant to this Court's rule in Dupree, dismissed his complaint.

    2.  The Sanction Basis for Dismissal

After dismissing Mr. Mitchell's complaint under the three strikes provision, the District Court then gave its alternative basis for dismissal.  The court explained that "the Complaint is also subject to dismissal because [Mr. Mitchell] knowingly provided false and misleading information to the Court."  The court found Mr.

---

[3] Those three cases are: Mitchell v. Johnson, Case No. 3:95-cv-037-DHB (S.D. Ga. 1995); Mitchell v. Ault, Case No. 3:94-cv-068-DHB (S.D. Ga. 1994); and Mitchell v. Telfair Corr. Inst., Case No. 3:93-cv-021-DHB (S.D. Ga. 1993).

Mitchell made a false statement when he represented on the complaint form that he had never had a case dismissed for failure to state a claim. The court went on to find this misrepresentation was not "an accident or mere oversight." The District Court then exercised its authority under Rule 11 of the Federal Rules of Civil Procedure to dismiss Mr. Mitchell's suit "as a sanction for submitting patently false and misleading information to the Court."

D. EVENTS ON APPEAL

In April 2016, Mr. Mitchell timely appealed. In his notice of appeal, Mr. Mitchell told the court he "is in fact dying from Hep C and the lack of Hep C treatment." On July 7, 2017, before we held oral argument in Mr. Mitchell's case, his attorney filed an emergency motion to expedite the appeal. The motion informed this Court that Mr. Mitchell had now been diagnosed not only with liver cirrhosis as a result of the hepatitis C, but also liver cancer. Mr. Mitchell's lawyer explained that "[i]f his appeal is not heard and decided on an urgent basis, Mitchell will surely die in the very near future." We granted the motion to expedite but, just days later, Mr. Mitchell died of his liver cancer.

## II.  STANDARD OF REVIEW

We review <u>de novo</u> a district court's dismissal under the PLRA's three strikes provision. <u>Miller</u>, 541 F.3d at 1100. We review for an abuse of discretion a

district court's imposition of sanctions under Rule 11.  Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam).

### III.  DISCUSSION

A.  THE THREE STRIKES BASIS FOR DISMISSAL

The District Court found Mr. Mitchell had three strikes for purposes of § 1915(g) because he filed three prior lawsuits—in 1993, 1994, and 1995—that were dismissed for failure to state a claim.  The record supports this finding.  Because he had three strikes, he was barred from proceeding IFP and his complaint was due to be dismissed unless his allegations showed he was in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), this Court addressed the type of medical situation that qualifies as an "imminent danger of serious physical injury" under § 1915(g).  The plaintiff in Brown had HIV and hepatitis. Id. at 1346.  He alleged that the prison doctor "stopped [his] prescribed treatment," id. at 1350, and that "because of the withdrawal of his treatment," "his health would deteriorate and he would die sooner."  Id. at 1347.  We concluded these allegations met the imminent-danger exception because, "[l]iberally construed, Brown alleges a total withdrawal of treatment for serious diseases, as a result of which he suffers from severe ongoing complications, is more susceptible to various illnesses, and his condition will rapidly deteriorate."  Id. at 1350.  Under Brown, a

8

"total" lack of treatment for hepatitis causing "severe ongoing complications" is sufficient to satisfy the imminent-danger exception. Id. The question here is whether Mr. Mitchell's allegations meet that standard. More to the point, we must examine whether he alleged that the prison refused to treat his hepatitis C, as was the case in Brown, or whether he alleged that the prison merely refused to give him his desired treatment. In answering this question, we must construe Mr. Mitchell's complaint liberally and accept his allegations as true. Id. Further, we must consider "whether his complaint, as a whole," satisfies the imminent-danger standard, not whether each particular allegation taken alone is sufficient. Id.

Applying these principles to Mr. Mitchell's complaint, we conclude that he alleged a complete lack of treatment for his hepatitis C and thus meets the Brown standard for showing an imminent danger under § 1915(g). Mr. Mitchell alleged the following:

> Plaintiff [] informed all the Defendant(s) . . . that Plaintiff's "Hepatitis C," which Plaintiff's medical records will confirm this existing condition, and the lack of treatment CIRRHOSIS has begun[.]"

He also said the prison staff failed to provide him "medication and/or treatment." Although his allegations might lack the clarity of counseled pleadings, when construed liberally, they plainly claim (1) "the lack of treatment" for hepatitis C, and (2) that this lack of treatment caused cirrhosis to begin. Thus, like the plaintiff

9

in <u>Brown</u>, Mr. Mitchell alleged "a total withdrawal of treatment . . ., as a result of which he suffers from severe ongoing complications." <u>Id.</u>

The State argues that the complaint did not allege a complete absence of treatment but instead only that Mr. Mitchell "was not being provided the newest available medical treatments." This is also what the District Court found. But these interpretations misread Mr. Mitchell's allegations. It is true Mr. Mitchell complained of not being given Harvoni, the newest available hepatitis C drug. However, his reference to not receiving a certain hepatitis C treatment includes no indication that he was being given a different one. Rather, it may be the case—as Mr. Mitchell alleged here—that he was not receiving any hepatitis C treatment at all. Because he alleged a total lack of hepatitis treatment and the resulting onset of cirrhosis, Mr. Mitchell's complaint falls within the imminent-danger exception to the three strikes provision. <u>See</u> <u>id.</u> We reverse the District Court's decision to the contrary.

B.  THE SANCTION BASIS FOR DISMISSAL

We turn next to the District Court's alternative basis for dismissal. To recap, the District Court imposed dismissal as a sanction under Rule 11 due to Mr. Mitchell's false representation on the standardized complaint form that he had no prior dismissals for failure to state a claim. Mr. Mitchell does not dispute that his

representation was false.[4]  Neither does he contest the power of district courts to

sanction a party under Rule 11, including with dismissal, for knowingly making

false statements to the court.  Instead, he argues the District Court abused its

discretion because it did not give him notice and an opportunity to be heard before

imposing the sanction.  We agree.

Rule 11 authorizes the district court to sanction a party who files a pleading

containing a false factual representation if that party knew of, or did not reasonably

inquire into, the falsehood.  See Fed. R. Civ. P. 11(b), (c)(1); see also Attwood,

105 F.3d at 612 ("Rule 11 sanctions are proper when a party files a pleading that

has no reasonable factual basis [or] when the party files a pleading in bad faith for

an improper purpose." (quotation omitted)).  However, Rule 11 expressly requires

the court to give the party notice and an opportunity to be heard before imposing

sanctions.  See Fed. R. Civ. P. 11(c)(1) (specifying that sanctions may be imposed

"after notice and a reasonable opportunity to respond").  When a district court

imposes sanctions sua sponte, as it did here, Rule 11 requires the court to issue an

order "specifically describ[ing]" the conduct that apparently violated Rule 11 and

directing the party "to show cause" why it is not in violation.  Id. 11(c)(3).  In

keeping with this Rule 11 requirement, this Court has held that the Due Process

---

[4] However, he does dispute the finding that the misrepresentation was intentional.  In his pro se Notice of Appeal, Mr. Mitchell said he "did not knowingly falsely lie" and was not "intentionally misleading," but rather "mistakenly answer[ed] one question incorrectly."

11

Clause requires notice and an opportunity to respond before Rule 11 sanctions are imposed.  See Donaldson v. Clark, 819 F.2d 1551, 1559–60 (11th Cir. 1987) (en banc).  And we have made clear that these Due Process Clause requirements of "notice and an opportunity to respond if Rule 11 sanctions are imposed" apply equally when the sanctioned party is a pro se prisoner seeking to proceed IFP.  See Attwood, 105 F.3d at 613.

The District Court here dismissed Mr. Mitchell's suit without affording him notice or an opportunity to respond, much less a formal order to show cause.  Because the District Court did not comply with the procedural requirements necessary for imposing sanctions, the court abused its discretion in dismissing Mr. Mitchell's complaint as a sanction.  See Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996) ("A district court by definition abuses its discretion when it makes an error of law."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." (quotation omitted)).  We therefore reverse the alternative basis for the District Court's dismissal.

C.  DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

Even though the District Court erred in both of the grounds it gave for dismissing Mr. Mitchell's complaint, our inquiry is not quite over.  We must still

12

decide whether his complaint states a claim for deliberate indifference to serious medical needs.  If it does not, then we would be required to affirm the dismissal of his complaint on that ground.  See Brown, 387 F.3d at 1351; see also 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); Fishermen Against Destruction of Env't, Inc. v. Closter Farms, Inc., 300 F.3d 1294, 1296 (11th Cir. 2002) ("We may affirm the district court on any adequate ground, even if it is other than the one on which the court actually relied." (quotation omitted)).  But his complaint does state a deliberate-indifference claim.  Under this Court's precedent in Brown, it is clear Mr. Mitchell's allegations are sufficient in that regard.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown, 387 F.3d at 1351 (quotation omitted).  "First, the plaintiff must prove an objectively serious medical need."  Id.  "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need."  Id.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. (quotation omitted).  In Brown, we held that "hepatitis meet[s] either of these definitions."  Id.  Thus, Mr.

13

Mitchell's allegation that he was diagnosed with hepatitis C satisfies the first prong of the deliberate-indifference inquiry.

To establish the second prong—that the prison official acted with deliberate indifference to the serious medical need—the plaintiff must allege three facts: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Id. (quotation omitted).  In Brown, we held that the plaintiff's complaint satisfied this standard because he alleged that the "defendants were aware of Brown's diagnosis with HIV and hepatitis, but completely withdrew the prescribed treatment for Brown's illness.  Brown is not receiving any treatment . . ., despite his deteriorating condition." Id.  Mr. Mitchell's allegations here are on all fours with those in Brown.  As we've discussed, Mr. Mitchell's complaint, liberally construed, alleges that prison officials knew of his hepatitis C diagnosis and cirrhosis, but refused to provide him with any treatment.  Thus, as we concluded in Brown, "the [] disregard" for Mr. Mitchell's "hepatitis constitutes deliberate indifference." See id.

Because Mr. Mitchell's complaint states a claim for deliberate indifference, there is no alternative basis on which to affirm the District Court's dismissal.

## IV.  CONCLUSION

We reverse the District Court's dismissal of Mr. Mitchell's complaint and remand for proceedings consistent with this opinion.

14

**REVERSED AND REMANDED.**