[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16258
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00464-WTH-PRL

NYKA TASSIANT O'CONNOR,

Plaintiff - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
WARDEN, LAKE CORRECTIONAL INSTITUTION,
PIPPIN
Assistant Warden Mental Health,
WILLIAM SADOWSKI,
former Psychiatrist,
DR. ANTONY,
for Psychiatrist, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Nyka O'Connor ("Plaintiff") appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915(g)'s three-strikes rule for failing to show that he was "under imminent danger of serious physical injury." After careful review, we affirm the district court.

## I.    BACKGROUND

### A.    Factual Background

According to Plaintiff's complaint, Plaintiff was incarcerated at Lake Correctional Institution in Florida from May to June 2012. During that time, Plaintiff went on a hunger strike, was put under observation for self-harm, and was given involuntary injections of psychiatric medications that "adversely affected" him. Plaintiff also had "serious" gastrointestinal issues including "regurgitation, indigestion," and "acid reflux." Plaintiff was offered an alternative diet (along with a 4,000 calorie diet to alleviate the malnourishment caused by his hunger

2

strikes), but it was not vegetarian and thus did not comply with Plaintiff's religious beliefs. Plaintiff's doctors also scheduled a "gastro procedure[ ] (endoscopy, etc.)" that Plaintiff missed, and the procedure was never rescheduled. Over time, Plaintiff's "acid reflux, heartburns, regurgitation, pains, etc." worsened and Plaintiff alleges that he was not provided with adequate medical care, including "meds, procedures, surgery," a diet that accommodated both his gastrointestinal needs and his religious beliefs, and other treatments.

After being transferred to another facility, Plaintiff returned to Lake in 2016. Upon his return, Plaintiff alleges he was once again threatened with involuntary injection of psychiatric medications—which Plaintiff objected to by going on another hunger strike. Plaintiff also saw a new doctor and advised the doctor of "several issues he's been experiencing over the years," including lingering issues from old injuries and continuing gastrointestinal problems (including "acid reflux . . . regurgitation, heartburns, indigestion, bloody stools, gallstones, appendix, etc."). Plaintiff alleges that prison medical staff either provided ineffective treatment or ignored his complaints.

## B.    Procedural History

In June 2016, while still incarcerated at Lake, Plaintiff, proceeding *pro se*, filed this lawsuit in the Southern District of Florida against the Lake medical staff

3

that had treated him.  Plaintiff alleged claims for violation of his rights under the federal and Florida constitutions, violation of various federal laws, breach of contract, and unspecified tort claims.  Plaintiff also moved for leave to proceed *in forma pauperis*.

After the suit was transferred to the Middle District of Florida, the district court *sua sponte* dismissed the complaint without prejudice under 28 U.S.C. § 1915(g)'s three-strikes rule.[1]  The district court observed that Plaintiff had previously filed three or more lawsuits *in forma pauperis* that had been dismissed for being frivolous, malicious, or failing to state a claim.  And the court concluded that Plaintiff's complaint failed to "allege facts demonstrating imminent danger of serious physical injury" sufficient to skirt the three-strikes bar.

Plaintiff filed a timely appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal under 28 U.S.C. § 1915(g). *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  In doing so, we must

---

[1]  28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

accept the allegations in Plaintiff's complaint as true, *id.*, and, because Plaintiff is proceeding *pro se*, we must liberally construe his pleadings, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.   DISCUSSION

28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* after filing three meritless lawsuits unless he is "under imminent danger of serious physical injury."  Plaintiff contends that the district court erred in concluding that the allegations in his complaint did not satisfy the imminent danger exception to § 1915(g).  Accordingly, the issue now on appeal is whether Plaintiff's complaint, "as a whole," *Brown*, 387 F.3d at 1350, alleges that Plaintiff "was in imminent danger of serious physical injury at the time he filed his Complaint," *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).[2]

The district court did not err by dismissing Plaintiff's complaint.  Plaintiff's complaint includes a laundry list of injuries that he alleges he either has or will incur, but Plaintiff's allegations do not show that he was in imminent danger of serious physical injury when he filed his complaint.  Many of the allegations about Plaintiff's injuries or ailments—for example, the dizziness and headaches caused

---

[2]  We do not consider Plaintiff's medical reports and other evidence presented for the first time on appeal.  *See Shahar v. Bowers*, 120 F.3d 211, 212 (11th Cir. 1997).

by his psychiatric medication—do not show that they are serious physical injuries and, at best, do so only in a conclusory manner by stating that they "constitute serious medical needs."  And the allegations that do concern serious injuries do not establish how Plaintiff, at the time of his complaint, was in imminent danger of incurring them.  For example, Plaintiff alleges that the veins in his esophagus could rupture and "cause a massive and often fatal blood loss," but does not explain why or how he is in imminent danger of this occurring.  Similarly, for the gastrointestinal conditions that Plaintiff alleges he already has (appendicitis, acid reflux that "causes esophagus cancer," and gallstones), he does not explain how they pose an imminent danger of serious physical injury.  Setting aside Plaintiff's vague and conclusory allegations that prison staff are not conducting "adequate inquires" into his ailments or providing adequate care, Plaintiff's only specific allegations describing any failure to treat his gastrointestinal issues are that he was scheduled for a "gastro procedure[ ] (endoscopy, etc.)" in 2012 that was never performed and that doctors would not prescribe him Nexium.  Plaintiff's allegations do not explain how failure to perform the unspecified procedure or prescribe Nexium put him in imminent danger of serious physical injury at the time he filed the complaint.  And he does not allege that prison medical staff have

6

refused to treat these issues altogether.[3] *See Mitchell v. Nobles*, 873 F.3d 869, 874–75 (11th Cir. 2017) (holding that a "total lack of [ ] treatment" that causes serious physical injury is sufficient for § 1915(g)); *Brown*, 387 F.3d at 1350 (same).  As a result, Plaintiff's complaint does not establish that he was under imminent danger of serious physical injury at the time he filed his complaint, and the district court's dismissal under § 1915(g) was appropriate.

## CONCLUSION

Accordingly, we **AFFIRM** the district court's order dismissing Plaintiff's complaint without prejudice.  Plaintiff's renewed motion for the appointment of appellate counsel is **DENIED**.

---

[3] In fact, Plaintiff's complaint alleges that his doctors have prescribed him medication for his gastrointestinal issues and offered him an alternative diet.