[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11418
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00057-JRH-RSB

WASEEM DAKER,

Plaintiff-Appellant,

versus

HOMER BRYSON,
Commissioner, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 8, 2019)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Waseem Daker, a pro se Georgia prisoner, appeals the district court's

dismissal without prejudice of his 42 U.S.C. § 1983 complaint pursuant to the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C § 1915(g).  On appeal, Daker argues that: (1) he is not a "three-striker" under § 1915(g); (2) he nevertheless meets the imminent-danger exception to § 1915(g); and (3) § 1915(g) is unconstitutional under the First Amendment's "breathing-space" principle.  After careful review, we affirm.

We review de novo a district court's dismissal under § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).  We also review de novo the legal question of the constitutionality of a statute.  Ranch House, Inc. v. Amerson, 238 F.3d 1273, 1277 (11th Cir. 2001).

First, we are unpersuaded by Daker's claim that the district court erred by concluding that he is a "three-striker" under § 1915(g). Section 1915(g) of the PLRA generally bars a prisoner from proceeding in forma pauperis ("IFP") if he has previously filed three or more meritless lawsuits.  Mitchell, 873 F.3d at 872. This provision is commonly known as the "three strikes" provision.  Id.  In Daker v. Comm'r, 820 F.3d 1278, 1283 (11th Cir. 2016), cert. denied, 137 S. Ct. 1227 (2017), an earlier case brought by this same plaintiff, we explained that, under § 1915(g), the only dismissals that may be counted as strikes are dismissals on the grounds that the claims were frivolous, malicious, or failed to state a claim.  820 F.3d at 1283–84.  Further, we do not count a dismissed action as a strike unless the court made an express statement indicating that the case was frivolous.  Id. at 1284.

2

Here, the district court did not err in concluding that Daker is a "three-striker," because three of the cases the court listed were properly counted as strikes. First, the district court properly counted case no. 13-11630 as a strike because that case was dismissed as frivolous by a panel of this Court in 2014. See Order, No. 13-11630 (11th Cir. Mar. 4, 2014). As for Daker's argument that case no. 13-11630 is no longer frivolous due to "subsequent developments," he fails to show how the decision in that case was affected by unrelated appeals in his other cases. Second, case no. 15-330 from the Second Circuit properly counts as another strike because that court dismissed that appeal as without "arguable basis in law or in fact," making the case frivolous. See Order, No. 15-330 (2d Cir. May 22, 2015); see also Nietzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is frivolous for purposes of § 1915(g) "where it lacks an arguable basis either in law or in fact"). Daker's claim that this Court's 2016 decision (Daker, 820 F.3d 1278) undermines the Second Circuit's 2015 decision has no merit since we did not address the Second Circuit's in our opinion, nor otherwise invalidate its ruling.

And, finally, the district court properly counted case no. 14-cv-395 from the United States District Court for the Central District of California as Daker's third strike because that case was dismissed as frivolous as well -- a determination that Daker does not challenge on appeal. See Order, No. 2:14-cv-00395 (C.D. Cal. Feb. 4, 2014); see also Order, No. 14-55653 (9th Cir. June 11, 2014) (concluding that the

3

appeal of that case also was frivolous).  Because these three cases all became final before Daker filed the instant complaint in May 2016, Daker's status as a "three-striker" was established by the time he filed his complaint.  Thus, we affirm the district court's determination that Daker is a "three-striker."

Nor, moreover, did the district court err in determining that Daker does not meet the imminent-danger exception to § 1915(g).  As we've explained, "the sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury."  Mitchell, 873 F.3d at 872 (quotation omitted).  In applying the imminent-danger exception, we view a pro se plaintiff's complaint as a whole and construe it liberally.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  In Brown, we held that a plaintiff had sufficiently shown imminent danger where he alleged a "total withdrawal of treatment for serious diseases [HIV and hepatitis], as a result of which he suffer[ed] from severe ongoing complications, [was] more susceptible to various illnesses, and his condition [would] rapidly deteriorate."  Id. at 1350.  Among other things, Brown had said that due to the medication withdrawal, he was suffering "prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains."  Id. Applying Brown in Mitchell, we said that a plaintiff satisfies the imminent-danger exception if he alleges "a 'total' lack of treatment . . . causing 'severe ongoing complications.'"  Mitchell, 873 F.3d at 874.  In Mitchell, we held that the plaintiff

4

had shown imminent danger because he claimed the defendants had completely withdrawn treatment for his Hepatitis C, and cirrhosis had begun. Id. at 873–75.

For comparison purposes, the Eighth Circuit decided in Martin v. Shelton that a prisoner's claim of imminent danger of serious physical injury had failed -- a decision we cited as persuasive authority in Brown. See Brown, 387 F.3d at 1350 (citing Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003)). In Martin, the prisoner alleged that he was twice forced to work outside in inclement weather, once in cold weather without warm clothing and then later in hot weather, despite his blood pressure condition. 319 F.3d at 1050. The complaint included "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition." Id. The Eighth Circuit held that "[t]his type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Here, Daker alleges that the defendants' grooming regulations pose an imminent danger to him by forcing him to shave his beard with unsanitized clippers and that he is denied nutritionally adequate food causing him significant weight-loss. Based on these allegations, however, we cannot say he faces anything near the imminent danger of suffering serious or continuing harm that the plaintiffs suffered in Brown and Mitchell, when their life-sustaining medicines were withdrawn and

5

they were already undergoing adverse medical conditions. For starters, Daker undermines his own claim about nutritionally inadequate food by admitting that he's been placed on a special diet to help remedy the lack of nutrition that he is receiving. As for his allegations concerning the clippers, nothing suggests that he is suffering from any current consequences, much less "a 'total' lack of treatment . . . causing 'severe ongoing complications.'" Mitchell, 873 F.3d at 874. Instead, Daker alleges that being forced to use unsanitized clippers could expose him to diseases -- a claim that is simply too speculative to establish that he is under imminent danger of serious physical injury. See Martin, 319 F.3d at 1050 (upholding § 1915(g)'s application where there was no allegation of ongoing danger, other than "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition"). Thus, we agree with the district court that Daker has not shown imminent danger.

Finally, we are unpersuaded by Daker's argument that § 1915(g) is unconstitutional. In Rivera, we addressed challenges to the constitutionality of § 1915(g) on several grounds, including the First Amendment right to access the courts and the Fourteenth Amendment right to equal protection. Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated in part on other grounds by Jones v. Block, 549 U.S. 199, 215 (2007). As we explained, Congress is not obligated to provide free or unlimited access to the courts. Id. 723–24. Further, § 1915(g) "does not prevent a

prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." Id. "To be sure, proceeding IFP in a civil case is a privilege, not a right -- fundamental or otherwise." Id. Thus, imposition of a modest filing fee on prisoners with "three strikes" is reasonable because "Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them." Id. (quotation omitted).

The "breathing-space" principle is the idea that, for the First Amendment to meaningfully protect freedom of speech, individuals need some margin for error -- in other words, the ability to advance insulting, outrageous, or inadvertently false speech -- when discussing matters of public concern before they can be held liable for the effects their speech has on others. E.g., Snyder v. Phelps, 562 U.S. 443, 458 (2011); Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 52 (1988) (explaining that defamation liability for statements about public figures requires a showing of falsity and the requisite culpability to prevent a chilling effect on public speech).

Here, Daker attempts to avoid the application of Rivera by framing his challenge to § 1915(g) as an argument about the restriction of speech, rather than the restriction of access to the courts. Nonetheless, Rivera forecloses this challenge because there is no meaningful distinction between Rivera's holding that individuals do not have a First Amendment right to access the courts for free, and Daker's claim that individuals have a First Amendment right to speak in the courts for free. In fact,

7

Daker recognizes that the right to access to the courts and the right to free speech are governed by the same standards, citing Wayte v. U.S., 470 US 598, 610 n.11 (1985). Because there is no First Amendment right to access (or speak in) the courts for free, the "breathing-space" principle is inapplicable to this case and we affirm.[1]

**AFFIRMED**.

---

[1] In addition, Waseem Daker's motion for appointment of counsel is DENIED.