[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17507
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-03745-RWS

WASEEM DAKER,

                                        Plaintiff - Appellant,

versus

REBECCA KEATON,
Clerk,
JAY E. STEPHENSON,
Former Clerk,
LISA BLALOCK,
Deputy Clerk,
DARLENE CORBITT,
Deputy Clerk, Cobb County Superior Clerk,
MARY ELLEN STALEY, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 2, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the dismissal of his civil rights complaint.  The district court dismissed Daker's complaint without prejudice because it concluded that he had at least three prior filings that count as strikes under the Prison Litigation Reform Act's ("PLRA") "three-strikes" provision.  28 U.S.C § 1915(g).  After careful review, we conclude that the district court erred because three of the five dismissals it identified do not qualify as strikes under the PLRA.  We vacate the dismissal of Daker's complaint and remand for further proceedings.

**I.**

In this action, Daker filed a § 1983 complaint against the Clerk of the Cobb County Superior Court, various Cobb County Superior Court judges, and other individuals.  He alleged that the defendants delayed processing his habeas corpus petitions and mandamus actions, denying him access to the courts.  At the time he filed the complaint, Daker sought leave to proceed *in forma pauperis*.

2

A magistrate judge recommended that the court deny Daker leave to proceed *in forma pauperis* and that the action be dismissed without prejudice. The magistrate judge found that Daker had five complaints or appeals that had been dismissed as frivolous:

(1) *Daker v. Warden*, No. 15-13148 (11th Cir. May 26, 2016);

(2) *Daker v. Mokwa*, No. 2:14-cv-395 (C.D. Cal. Mar. 19, 2014);

(3) *Georgia v. Daker*, No. 12-12519 (11th Cir. Nov. 5, 2012);

(4) *In re Daker*, No. 11-11937 (11th Cir. June 3, 2011); and

(5) *Daker v. Garner*, No. 00-12534 (11th Cir. Dec. 4, 2000).

The magistrate judge determined that each of these dismissals constituted a strike under the PLRA. Because Daker had three or more strikes under the PLRA and had not paid the filing fee at the time that he filed suit, the magistrate judge recommended that his complaint be dismissed without prejudice.

Daker objected to the recommendation. After *de novo* review, the district court overruled the objection, adopted the magistrate judge's recommendation, and dismissed the complaint without prejudice. The district court noted that in three cases or appeals—*Daker v. Warden*, No. 15-13148; *Daker v. Mokwa*, No. 2:14-cv-395; and *Daker v. Garner*, No. 00-12534—the dismissing court had found that Daker's complaint or appeal was frivolous.

Daker filed a timely notice of appeal.

3

## II.

We review *de novo* a district court's dismissal under § 1915(g).  *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017).

## III.

"Ordinarily, a federal litigant who is too poor to pay court fees may proceed *in forma pauperis*," meaning "the litigant may commence a civil action without prepaying fees or paying certain expenses."  *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *see* 28 U.S.C. § 1915(a)(1).  But the PLRA's "three-strikes" provision limits when prisoners may proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016).  This provision states that a prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The relevant inquiry to determine whether § 1915(g) bars a prisoner's complaint is whether he had three or more strikes at the time that he filed his civil action or appeal.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) ("After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit.").

4

In *Daker v. Commissioner*, we considered whether the dismissals of six of Daker's prior appeals counted as strikes under the PLRA. 820 F.3d at 1281. In that case, the district court found that Daker had incurred six strikes because two previous appeals had been dismissed for lack of jurisdiction and four previous appeals had been dismissed for want of prosecution. *Id.* at 1281-82. We disagreed and held that none of these dismissals counted as a strike. *Id.* at 1281.

We began by addressing when a dismissal counted as a strike under the PLRA. Looking to the PLRA's plain language, we explained that for a dismissal to count as a strike the dismissal must have been based on the ground that the action or appeal was "frivolous, malicious, or fail[ed] to state a claim" for relief. *Id.* at 1283-84 (internal quotation marks omitted). We explained that to conclude an action or appeal was dismissed as frivolous, "the dismissing court" had to have made "some express statement" that indicated the action or appeal was frivolous, meaning it lacked an arguable basis in law or fact. *Id.* at 1284.

We then explained that an order dismissing an appeal for want of prosecution was not a determination that the appeal was frivolous. *Id.* at 1284. An order dismissing an appeal for want of prosecution did not evaluate the underlying merits of the appeal and thus could not constitute a finding that the appeal was frivolous. *Id.* We thus concluded that the four orders dismissing Daker's prior appeals for want of prosecution, without more, did not constitute strikes. *Id.*

We acknowledged that in three of these appeals, we had dismissed the appeal for want of prosecution after a single judge on our Court had entered an order denying Daker leave to proceed *in forma pauperis* on the basis that his appeal was frivolous. *Id.* at 1285. We rejected the argument that the single-judge order meant that Daker's appeal had been dismissed as frivolous. We explained that a single-judge order could not be treated as an order dismissing an appeal because under Federal Rule of Appellate Procedure 27(c) a single judge "may not dismiss or otherwise determine an appeal or other proceeding." *Id.* (quoting Fed. R. App. P. 27(c)). Consistent with Rule 27(c), the orders denying Daker leave to proceed *in forma pauperis* had not ended his appeals. In each appeal, after Daker was denied leave to proceed *in forma pauperis*, he had an opportunity to pay the filing fee, which would have allowed him to proceed with the appeal.[1] *Id.* When Daker subsequently failed to pay the filing fee, a three-judge panel of our Court decided to dismiss the appeal for want of prosecution. *Id.*

We also explained the two appeals dismissed for lack of jurisdiction did not constitute strikes. *Id.* at 1284. Because a dismissal for lack of jurisdiction established only "that the prisoner's assertion of jurisdiction was wrong," we held

---

[1] If Daker had paid the filing fee, a three-judge panel would have determined anew whether his appeal was frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .").

6

that "without more" such a dismissal did "not prove that the appellant's assertion of jurisdiction was itself frivolous." *Id.*

Turning to this case, the district court found that Daker had five prior dismissals that qualified as strikes. As an initial matter, we agree with the district court that two of the dismissals constitute strikes. In *Daker v. Warden*, 15-13148, a three-judge panel of this Court expressly found that the appeal was frivolous and dismissed the appeal. And in *Daker v. Mokwa*, 2:14-cv-395, the district court judge dismissed Daker's action on the basis that that his complaint was frivolous and failed to state a claim for relief. Because each dismissing court made an express statement that Daker's complaint or appeal was being dismissed as frivolous and/or for failure to state a claim for relief, we agree with the district court that these two dismissals count as strikes.

But we hold that the remaining three dismissals identified by the district court do not count as strikes. As an initial matter, binding precedent established that the dismissal of Daker's appeal in *Georgia v. Daker*, No. 12-12519, does not count as a strike. In *Daker v. Commissioner*, we held that the dismissal of this appeal does not count as a strike because the appeal was dismissed for failure to prosecute. *See Daker v. Comm'r*, 820 F.3d at 1282. Given our prior decision, the district court erred when it counted this dismissal as a strike.

7

The dismissals in *In re Daker*, No. 11-11937, and *Daker v. Garner*, No. 00-12534, also do not count as strikes.  Each appeal was dismissed after Daker filed a motion to voluntarily dismiss it.  Because Daker voluntarily dismissed the appeals, we cannot say that either appeal was dismissed on the ground that it was "frivolous, malicious, or fail[ed] to state a claim upon which relief [could] be granted."  28 U.S.C. § 1915(g).

True, for each appeal, Daker moved to voluntarily dismiss the appeal *after* a single judge of our Court found that his arguments were frivolous and denied him leave to proceed *in forma pauperis*.  But as we explained in *Daker v. Commissioner*, such a single-judge order does not establish that the appeal was dismissed as frivolous.  *See* 820 F.3d at 1284-85.  Because there was no subsequent determination by a three-judge panel that the appeal was frivolous, we hold that the district court erred in treating each of these dismissals as a strike.

In sum, the district court erred when it found that the dismissals in *Georgia v. Daker*, No. 12-12519; *In re Daker*, No. 11-11937; and *Daker v. Garner*, No. 00-12534, count as strikes.  Because we conclude that only two of the dismissals that the district court identified count as strikes under the PLRA, the court erred in dismissing Daker's complaint under the PLRA's three-strikes provision.[2]

---

[2] We express no view on whether Daker had any strikes beyond the filings identified by the district court.  Nothing in this opinion forecloses the district court upon remand from

## IV.

For the reasons set forth above, we **VACATE** the order dismissing Daker's

complaint and remand for further proceedings.

---

considering whether Daker incurred strikes when any of his other cases or appeals were dismissed.

Dakar also argues on appeal that the district court's application of the three-strikes provision to him was unconstitutional.  Because we conclude that Daker did not have three strikes, we need not address this argument

9