[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11904
Non-Argument Calendar
_____

D.C. Docket No. 2:20-cv-00162-WHA-CSC

JOE RANGER PICKETT,

Petitioner - Appellant,

versus

KELLI WISE,
Alabama Supreme Court Justice,
TOM PARKER,
Alabama Supreme Court Justice,
MICHAEL F. BOLIN,
Alabama Supreme Court Justice,
WILLIAM B. SELLERS,
Alabama Supreme Court Justice,
SARAH H. STEWART,
Alabama Supreme Court Justice, et al.,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 8, 2021)

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Joe Pickett, an Alabama prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for a writ of mandamus, which the district court construed as governed by the Prison Litigation Reform Act ("PLRA") and dismissed under 28 U.S.C. § 1915(g)'s three-strikes provision. We construed Pickett's petition as being cognizable only under 28 U.S.C. § 2254 and granted him a certificate of appealability as to "[w]hether the district court erred in dismissing Pickett's petition for a writ of mandamus because Pickett was a three-striker, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), where Pickett's petition for a writ of mandamus was more analogous to a 28 U.S.C. § 2254 habeas corpus petition[.]"

We review *de novo* a dismissal under the PLRA's three-strikes provision. *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017). *Pro se* filings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

The PLRA allows a person to bring a civil action in the district court without having to pay the filing fee. 28 U.S.C. § 1915(a)(1). However, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," and the court shall assess the proper fee. *Id.* § 1915(b)(1). Subsection (g), commonly known as the "three strikes" provision, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). A prisoner with three strikes must show that he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

Habeas corpus petitions brought under 28 U.S.C. § 2254 are not civil actions for purposes of the PLRA, and the filing fee provisions of the PLRA do not apply to § 2254 proceedings. *Anderson v. Singletary*, 111 F.3d 801, 803, 805-06 (11th Cir. 1997). The label a prisoner places on his filing is not determinative of its identity. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). But when a state prisoner is challenging the fact or duration of his incarceration, and he seeks a

3

determination that he is entitled to either immediate release or a speedier release from prison, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, in his mandamus petition, Pickett's challenges his state prison sentence and seeks relief in the form of his immediate release from prison. Pickett's sole federal remedy therefore was neither through a mandamus action nor a civil action, but through a habeas corpus action under 28 U.S.C. § 2254, and the district court erred by not construing his petition as seeking relief under § 2254. *See Preiser*, 411 U.S. at 500; *see also* 28 U.S.C. § 2254(a). Further, because Pickett's claims for relief were cognizable only under § 2254, the PLRA's filing fee provisions did not apply, and the district court therefore erred by dismissing his petition under § 1915(g). *See Anderson*, 111 F.3d at 803, 805-06. For that reason, we vacate the district court's order dismissing Pickett's petition under § 1915(g) and remand with instructions to reconsider Pickett's petition as arising under § 2254.

**VACATED AND REMANDED.**