**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11871

Non-Argument Calendar

————————————————

GEORGE WALTER BREWSTER, III,

*Plaintiff-Appellant,*

*versus*

MICHAEL NAIL,
   in his individual and official capacities,
TORRENZIA LYLES,
   in her individual and official capacities,
SAKINIA MOORE,
   in her individual and official capacities,
KIARA WASHINGTON,
   in her individual and official capacities,
MUSCOGEE COUNTY DEPARTMENT,
OF COMMUNITY SUPERVISION et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:25-cv-00019-CDL-AGH

_____

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

George Walter Brewster, III, proceeding *pro se*, appeals the district court's order denying his motion for leave to proceed *in forma pauperis* and dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to pay a filing fee. The district court denied his motion for leave to proceed IFP under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). It identified four of Brewster's previous lawsuits that it concluded were strikes under the PLRA. The court then dismissed his complaint without prejudice. On appeal, Brewster argues that the district court judge erred by denying his IFP application under the three-strikes provision. He asserts that none of the four decisions the district court relied upon were strikes because they were dismissed in whole or in part on grounds other than those in section 1915(g). Because we agree that fewer than three of the decisions were strikes under section 1915(g), we reverse.

**I.**

Brewster was arrested in June 2024 for violating the terms of his probation. He filed his original complaint and IFP application on January 14, 2025, alleging that prison officials placed him in an

overcrowded facility, putting him at increased risk of harm from the other prisoners. He recast his complaint two days later, alleging violations of his Fourteenth Amendment due process rights, the federal RICO Act, and Georgia law by Commissioner Michael Nail of the Muscogee County Department of Community Supervision, several probation officers, the Muscogee County Department of Community Supervision, Muscogee County, and the State of Georgia. In his recast complaint, Brewster alleges, *inter alia*, that prison officials failed to take him before a judge for a bail hearing, falsely imprisoned him, and blocked his efforts to notarize several documents related to his habeas petitions.

The district court *sua sponte* dismissed Brewster's complaint and denied his IFP application. The court explained that Brewster previously filed "numerous federal lawsuits," at least three of which had been dismissed as frivolous, malicious, or for failure to state a claim. Specifically, the court identified *Brewster v. District Attorney's Office*, No. 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020); *Brewster v. Turner*, No. 4:21-cv-00014-CDL-MSH (M.D. Ga. Mar. 3, 2021); *Brewster v. American International Movers, Inc.*, No. 4:20-cv-00045-CDL-MSH (M.D. Ga. Mar. 12, 2020); and *Brewster v. Department of Community Supervision*, No. 4:23-cv-73-CDL-MSH (M.D. Ga. June 27, 2023).

Considering each case a strike under section 1915(g), the court denied Brewster IFP status and dismissed his complaint without prejudice. Brewster appealed.

## II.

This Court reviews *de novo* the district court's dismissal under the PLRA's three-strikes provision. *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017).

## III.

Brewster presents a single issue on appeal: whether at least three of the prior dismissals count as PLRA strikes. He maintains that the district court erroneously held the four previous cases to be PLRA strikes. Because we agree with him that at least two of the four dismissals do not count as "strikes," we reverse.

There is no opposing brief in this action, so we look instead to the district court's order. There, the court concluded that "at least three of [Brewster's] complaints or appeals . . . have been dismissed as frivolous, malicious, or for failure to state a claim." The court held that *District Attorney's Office*, *Turner*, and *American International Movers* dismissed Brewster's complaints for failure to state a claim; the last, *Department of Community Supervision*, was a dismissal under section 1915(g). In a footnote, the court stated that although *Turner* was dismissed on the grounds of absolute judicial immunity, "such a dismissal is effectively one for failure to state a claim." Accordingly, the district court found each of the four decisions to be a PLRA strike.

We start with the text of section 1915(g), which bars a prisoner from proceeding *in forma pauperis* after he has filed three meritless lawsuits. If his prior actions have been dismissed on the

grounds that they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," the prisoner cannot enjoy IFP privileges, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Under the negative-implication canon, these three grounds are the *only* grounds that can render a dismissal a strike." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016).

The district court concluded that Brewster had filed four meritless suits and was not in imminent danger of serious physical injury. Because Brewster does not address the imminent danger element of section 1915(g), neither will we. *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005) ("Under the law of this Circuit, an issue not raised in a party's initial appellate brief is considered waived"). Additionally, because none of the four potential strikes the district court identified made a finding of frivolousness or maliciousness, for the purposes of this appeal, the only relevant section 1915(g) ground is failure to state a claim.

Under our precedents, Brewster is correct that he does not have three or more strikes. In *Wells v. Brown*, this Court clarified the standard for determining whether a previous case was dismissed for failure to state a claim in the PLRA context. 58 F.4th 1347, 1359 (11th Cir. 2023). We held that, if a basis for dismissal, such as an affirmative defense, appears on the face of the complaint, then the subsequent dismissal order may have been for failure to state a claim. *Id.* at 1357. Although "magic words" are unnecessary, "the dismissing court must give some express statement to the effect

that it dismissed the case . . . because it failed to state a claim." *Id.* at 1359. We also explained in *Wells* that mixed dismissals cannot be strikes because section 1915(g) requires the entire "action" be dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. *Id.* at 1361. And we noted that a dismissal for lack of jurisdiction is not a strike. *Id.* at 1360.

Under our decision in *Wells*, Brewster is correct that at least two of the four dismissals identified by the district court do not count at strikes.

First, in *Department of Community Supervision*, Brewster filed suit against the Muscogee County Department of Community Supervision and a probation officer for alleged violations of his due process rights and for false imprisonment. The court in that case explicitly dismissed Brewster's case solely under the three-strikes rule. There was no discussion of the merits or the claims in the complaint. Because Brewster's complaint was not dismissed for frivolousness, maliciousness, or failure to state a claim, *Department of Community Supervision* cannot count as a strike. *See Daker*, 820 F.3d at 1283–84.

Second, in *American International Movers*, Brewster sued a private party, American International Movers, claiming that it "alienated" him during his period of employment. The district court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction. It concluded that Brewster's "complaint fails to state a claim for relief over which this Court has subject matter jurisdiction." It reasoned that, because American International Movers was a

private employer, Brewster could not state a claim under 42 U.S.C. § 1983, and that there was no basis for it to exercise jurisdiction over "potential state law claims." On the docket, the court noted the dismissal as being one for "lack of jurisdiction." A dismissal for lack of jurisdiction is not one of the three section 1915(g) grounds. *See Wells*, 58 F.4th at 1360.

Because *Department of Community Supervision* and *American International Movers* are not PLRA strikes, and because the district court cited only four decisions, there is no need to address Brewster's additional arguments about the other two alleged strikes. The district court erred in dismissing Brewster's complaint under the three-strikes rule.

Finally, Brewster has filed a motion to supplement the record with filings associated with the four lawsuits the district court cited in its order, as well as several Georgia state court criminal cases. The district court already considered several of these records, and we agree supplementation will serve the interests of judicial economy and informed decision making. *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995). We therefore grant Brewster's motion to supplement.

## IV.

Brewster's motion to supplement the record is **GRANTED**. The judgment of the district court is **REVERSED AND REMANDED**.