**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13975

Non-Argument Calendar

_____

RICO LAMAR BALLARD,

*Plaintiff-Appellant,*

*versus*

WARDEN,

DEPUTY WARDEN,

UNIT MANAGER GRIER,

CPL HARRISON,

   sued in his/her individual and official capacity,
   Hancock State Prison,

LIEUTENANT SALLY,

   sued in his/her individual and official capacity,
   Hancock State Prison,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:24-cv-00377-MTT-CHW

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

The Prison Litigation Reform Act's three-strikes rule applies to prisoners who have had three or more suits dismissed as frivolous, malicious, or for failing to state a claim on which relief can be granted.  Unless they can prove imminent danger, those prisoners cannot proceed in forma pauperis, which allows them to litigate without paying filing fees up front.  When considering Rico Ballard's litigation history, the district court found four such suits. As a result, Ballard could not proceed without paying the filing fees. He argued that he faced imminent danger, which would suspend the three-strikes requirement.  The district court disagreed.

On appeal, Ballard argues that his litigation history does not provide three strikes under the Prison Litigation Reform Act.  And, he says, even if it does, he faces imminent danger and should be allowed to sue regardless.  We reject these arguments and affirm the district court.

**I.**

Rico Ballard was assaulted on May 25, 2024, in Hancock State Prison.  He sought and received medical treatment, and now resides in a different unit, away from the men who assaulted him.

Ballard sued under 42 U.S.C. § 1983, alleging that prison officials failed to protect him from danger and were deliberately indifferent. The district court examined his litigation history and identified three suits that had been dismissed as abuses of the litigation process. A fourth suit had been dismissed for failure to state a claim. The district court also found that no imminent danger existed, so Ballard could not proceed without paying the litigation fees up front. The court denied in forma pauperis status and dismissed the complaint without prejudice.

Ballard appealed. He argues that the district court erred in counting the suits dismissed as abuses of the litigation process as strikes, and in finding no imminent danger.

## II.

We review a dismissal of a case under the Prison Litigation Reform Act's three-strikes rule de novo. *Wells v. Brown*, 58 F.4th 1347, 1354 (11th Cir. 2023) (en banc).

## III.

We first consider whether Ballard has three strikes under 28 U.S.C. § 1915(g), and then evaluate whether he faces imminent danger.

## A.

A prisoner may not proceed without paying filing fees under § 1915 if he has had three or more prior suits dismissed as "frivolous, malicious," or for failing "to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Only suits brought

while the plaintiff was "incarcerated or detained" count. *Id.* Even if a district court doesn't use the words "frivolous" or "malicious," the dismissal of an action as an abuse of the litigation process for lying under penalty of perjury about the inmate's litigation history counts as a strike. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016). When counting suits, we look at what the prior court did, not at what they could have or should have done. *Wells*, 58 F.4th at 1358.

An examination of Ballard's litigation history reveals four strikes.

- Strike one: a 2021 dismissal for failure to state a claim. Order at 2, *Ballard v. Morales*, No. 21-cv-00138 (M.D. Ga. Oct. 1, 2021), Dkt. No. 29, *aff'd*, No. 21-13881, 2022 WL 4462253 (11th Cir. Sept. 26, 2022).

- Strike two: a 2022 dismissal for abuse of the judicial process based on failure to fully disclose litigation history. Order at 5, *Ballard v. Sprayberry*, No. 22-cv-00125 (N.D. Ga. June 30, 2022), Dkt. No. 10.

- Strike three: a 2022 dismissal for abuse of the judicial process based on failure to fully disclose litigation history. Order at 3, *Ballard v. Parish*, No. 22-cv-00123 (N.D. Ga. July 11, 2022), Dkt. No. 8.

- Strike four: a 2022 dismissal for abuse of the judicial process based on failure to fully disclose litigation history. Order at 4, *Ballard v. Woodard*, No. 22-cv-00124 (N.D. Ga. July 11, 2022), Dkt. No. 7.

Ballard argues that the three dismissals for abuse of the judicial process should not count as strikes because they were issued without prejudice. But the Supreme Court has held that "Section 1915(g) covers dismissals both with and without prejudice." *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 601 (2020). So the three dismissals do count as strikes.

As a result, unless he can show imminent danger, the Prison Litigation Reform Act requires Ballard to pay the filing fees before bringing this suit.

**B.**

Ballard argues that even if he has three or more strikes, his suit can go forward because he faces imminent danger. He also provides more allegations about the threats he faces if he returns "to general population at Hancock State Prison."

A prisoner can bypass the three-strikes rule only by showing "imminent danger of serious physical injury." *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) (quoting 28 U.S.C. § 1915(g)). The imminent danger must be present at the time the suit is filed—past dangers will not suffice. *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). To determine whether a prisoner has shown imminent danger, we look at "the complaint, construing it liberally and

accepting its allegations as true." *Id.* We examine the complaint "as a whole." *Id.* (quotation omitted). General assertions must have "specific fact allegations of ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (quotation omitted).

Ballard's complaint alleges that prison officials failed to adequately "staff the control booths," make "regular security rounds," or "supervise correctional officers." So the prison did not "provide reasonable protection," even as inmates were "often beaten." He describes his past injuries in detail but does not provide evidence of present risk of harm. He adds that he has been in "the lockdown building" since shortly after the attack and continuing to the time of filing.

Ballard does not meet the imminent danger exception. Whatever the conditions were in the prior building, he has moved. Because his complaint does not allege when he will return to the prior building, he does not demonstrate an imminent danger. And his new allegations of danger, presented for the first time on appeal, cannot be considered because they were not included in his complaint. *Cf. id.*

⋆    ⋆    ⋆

Because the district court correctly counted the strikes against Ballard and we agree that he has not pleaded imminent danger, we **AFFIRM**.