[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14262
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cv-00095-HLM

WILLIE FRANK WRIGHT, JR.,

Plaintiff - Appellant,

versus

WARDEN KEVIN SPRAYBERRY,
DEPUTY WARDEN BLACK,
COUNSELOR HAROLD,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 2, 2020)

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Willie Frank Wright, Jr. ("Wright"), a Georgia prisoner proceeding pro se, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 civil rights complaint against prison officials at Hays State Prison ("Hays") for allegedly denying him adequate medical care.  The district court dismissed Wright's complaint, concluding that Wright did not meet the "imminent danger of serious physical injury" exception to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  Because Wright's complaint sufficiently demonstrated that he was in imminent danger of serious physical injury when he filed suit, we vacate the dismissal and remand for further proceedings consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL HISTORY

On May 13, 2019, Wright filed a pro se § 1983 complaint against the warden of Hays, Kevin Sprayberry ("Warden Sprayberry"); the deputy warden, Mr. Black ("Deputy Warden Black"); and a prison grievance counselor, Ms. Harold ("Counselor Harold").  Wright alleged that, before he was transferred to Hays, he was incarcerated at Valdosta Annex, where prison guards informed certain inmates that he was a "snitch."  As a result, Wright alleged that a prison guard broke his hand and rebroke a finger and inmates stabbed him in the arm.

Wright was then transferred to Hays.  Wright alleged that when he arrived at Hays, he informed both Warden Sprayberry and Deputy Warden Black "about what

2

was going on." In response, Warden Sprayberry and Deputy Warden Black stopped his medication, including stomach medication, Bactrim, and "800 mg IBU's," which Wright took for another injury. Beyond giving him an icepack, the medical staff at Hays refused to give him medication for his open stab wounds and broken hand and finger. A nurse told Wright to fill out a sick call form. Wright subsequently filled out three health services request forms, which Wright attached as exhibits to his complaint. In his health services request forms, Wright sought medical treatment for his stab wounds and broken hand and finger, as well as for a deep vein thrombosis ("DVT") outbreak due to a lack of medication. Wright sought dental treatment for a "serious painful gum infection," which made it hard to eat and required extraction of several teeth. Wright also requested the refill of four kinds of medication—IBU 800, blood pressure medication, Bactrim, and triamcinolone. The medical staff did not respond to his requests for treatment and medication, and, at most, saw him only for blood pressure checks. His gum infection spread, and, as a result, several of his teeth still need to be extracted. Because he did not receive medication for DVT, he developed leg sores. He also was not treated for his open stab wounds and broken hand. Although Wright attempted to file grievance forms many times, Counselor Harold did not accept any of Wright's grievance forms.

Wright's complaint sought "proper medical care," injunctive relief, and monetary damages. While Wright failed to identify a specific constitutional

3

violation, we construe his claim as one asserting deliberate indifference under the Eighth Amendment.  Wright also requested leave to proceed *in forma pauperis*.

The case was referred to a magistrate judge.  The magistrate judge issued a report and recommendation recommending that pursuant to 28 U.S.C. § 1915(g), commonly referred to as the "three strike" provision, Wright could not proceed *in forma pauperis* because he had filed three or more prior cases while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim.  *See* § 1915(g).  The magistrate judge identified the following cases that had been dismissed on these grounds: *Wright v. Trammell*, No. 5:18-CV-0027-MTT-CHW (M.D. Ga. Mar. 9, 2019); *Wright v. Core Civic's Policy*, No. 6:17-CV-0027-JRH-RSB (S.D. Ga. May 26, 2017); *Wright v. McGriff*, No. 5:16-CV-0134-CAR-MSH (M.D. Ga. July 1, 2016); *Wright v. Massey*, No. 5:11-CV-0491-MTT (M.D. Ga. Dec. 28, 2011); and *Wright v. Shelton*, No. 5:10-CV-246-MTT-CWFI (M.D. Ga. July 16, 2010).  The magistrate judge further found that Wright had not alleged sufficient facts to qualify for the exception to § 1915(g)'s "three strikes" bar where the prisoner is "under imminent danger of serious physical injury."  § 1915(g).  Because Wright could not proceed *in forma pauperis*, the magistrate judge recommended that the district court dismiss Wright's suit without prejudice.

Wright timely filed objections to the recommendation of the magistrate judge. Wright argued that: (1) the magistrate judge lacked subject matter jurisdiction to

4

issue the report and recommendation; (2) he had shown imminent danger, in light of his physical injuries and the near complete withdrawal of medication and medical treatment; and (3) § 1915(g) was unconstitutionally vague and violated his due process and equal protection rights, and his right to petition the government.

The district court overruled Wright's objections, adopted the magistrate judge's report and recommendation, denied Wright's *in forma pauperis* application, and dismissed Wright's complaint without prejudice pursuant to § 1915(g). Wright filed a notice of appeal and moved for leave to proceed *in forma pauperis* on appeal, which the district court granted, finding that Wright presented a non-frivolous issue as to whether he qualified for the imminent-danger exception to the three strikes rule set forth in § 1915(g).

## II.    STANDARD OF REVIEW

This Court reviews a dismissal under § 1915(g) de novo. *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017). A constitutional challenge to § 1915(g) is also subject to de novo review. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007). Likewise, we review whether the magistrate judge had jurisdiction to issue a report and recommendation de novo. *See United States v. Ruiz–Rodriguez*, 277 F.3d 1281, 1285 n.6 (11th Cir. 2002).

## III.    ANALYSIS

Section 1915(g) of the PLRA precludes a prisoner from pursuing a civil action *in forma pauperis* if he has filed at least three prior meritless complaints. The sole exception to the three strikes provision is if "the prisoner is under imminent danger of serious physical injury." § 1915(g). Because Wright does not dispute that he has three strikes under § 1915(g), he must show that he was in imminent danger of serious physical injury at the time that he sought to file his suit in the district court. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). In determining whether a prisoner has sufficiently demonstrated imminent danger, this Court looks to the complaint as a whole, construes it liberally, and accepts the allegations as true. *Mitchell*, 873 F.3d at 874; *Brown*, 387 F.3d at 1350; *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). The issue is not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations. *Mitchell*, 873 F.3d at 874.

For example, in *Brown*, a prisoner filed a § 1983 action against prison officials alleging deliberate indifference to his serious medical needs based on a withdrawal of his HIV and hepatitis medication. 387 F.3d at 1346. He alleged that, as a result of the withdrawal of treatment, he was "suffering from prolonged skin infections, severe pain in his eyes, vision problems, fatigue, and prolonged stomach pains." *Id.*

6

He further alleged that his health would continue to deteriorate and he would die sooner because of the withdrawal of his treatments. *Id.* at 1347. He sought to proceed *in forma pauperis* in the district court, but the district court dismissed his complaint without prejudice, concluding that Brown could not proceed in forma pauperis "based on the 'three strikes' rule of section § 1915(g)." *Id.* at 1348. On appeal, this Court determined that Brown had sufficiently alleged imminent danger of serious physical injury where his complaint, "[l]iberally construed, . . . alleges a total withdrawal of treatment for serious diseases, as a result of which he suffers from severe ongoing complications, is more susceptible to various illnesses, and his condition will rapidly deteriorate." *Id.* at 1350.

Similarly, in *Mitchell*, a pro se prisoner filed a § 1983 complaint alleging deliberate indifference to his serious medical needs where prison officials failed to provide him medication or treatment for his hepatitis C and, as a result, he had begun to develop cirrhosis. 873 F.3d at 871, 874. The district court found that Mitchell "failed to satisfy the imminent-danger exception to the three strikes provision," denied Mitchell's motion to proceed *in forma pauperis*, and dismissed his complaint. *Id.* at 873. This Court reversed, holding that Mitchell's complaint, "when construed liberally, . . . alleged 'a total withdrawal of treatment . . . , as a result of which he suffers from severe ongoing complications'" such that it fell "within the imminent-

7

danger exception to the three strikes provision." *Id.* at 874 (second omission in original) (quoting *Brown*, 387 F.3d at 1350).

On appeal, Wright argues that the district court erred in finding that he was not under imminent danger of serious physical injury. Wright also asserts that the magistrate judge lacked subject matter jurisdiction to issue the report and recommendation because Wright did not consent to the matter being before a magistrate judge. Finally, Wright claims that § 1915(g) unconstitutionally abridges his rights to petition the government and to due process. The government has not responded.

As an initial matter, we can quickly dispose of two of Wright's arguments. Wright's assertions regarding the constitutionality of § 1915(g) are foreclosed by precedent, as this Court has previously held that § 1915(g) does not violate a prisoner's right of access to the courts or due process rights. *Rivera*, 144 F.3d at 732; s*ee Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) (stating that "only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision"). Wright's argument that the magistrate judge lacked subject matter jurisdiction to issue the report and recommendation without his consent is also without merit. Consent of the parties is required under 28 U.S.C. § 636(c)(1) where a magistrate judge "conduct[s] any or all proceedings in a jury or nonjury civil matter and order[s] the entry of judgment in the case." Here, the magistrate judge's action

8

was not taken under § 636(c)(1), but rather, under § 636(b)(1)(B), which authorizes a magistrate judge to submit to a district court "proposed findings of fact and recommendations for . . . disposition" and does not require the consent of the parties. *See* § 636(b)(1)(B); *see also McCarthy v. Bronson*, 500 U.S. 136, 140–42 (1991) (holding that § 636(b)(1)(B) allows nonconsensual referral to magistrate judges to enter reports and recommendations on all "actions for monetary or injunctive relief under 42 U.S.C. § 1983").   Thus, Wright's consent was not required for the magistrate judge to issue the report and recommendation.

We agree with Wright, however, that the district court erred when it dismissed Wright's complaint under the "three strikes" rule because he met the imminent-danger exception to the rule.   Wright's complaint, which we liberally construe, alleges that Warden Sprayberry and Deputy Warden Black deprived him of his medication upon arrival at Hays, and that the medical staff at Hays failed to treat him for open wounds, a broken hand, and a gum infection.   At most, he has been seen for blood pressure checks.   Wright's allegations are similar to the withdrawal of medication and treatment at issue in *Brown* and *Mitchell*.   *See Brown*, 387 F.3d at 1346–47; *Mitchell*, 873 F.3d at 874.   Like the prisoners in *Brown* and *Mitchell*, who alleged the withdrawal of medication and medical treatment for serious conditions causing severe ongoing complications, Wright has alleged a near total withdrawal of medical care, and he has further alleged that he has developed a gum

9

infection requiring dental extractions and leg sores from DVT, has untreated, open wounds, and has not received medication for any of these serious conditions. Because Wright in his complaint sufficiently alleged an imminent danger of serious physical injury at the time he filed his complaint, the district court erred in dismissing the complaint.

Our analysis does not end here, however, as this Court's precedent mandates that we also determine whether the district court's dismissal may be affirmed on the alternative basis that the allegations in Wright's complaint fail to state a claim for deliberate indifference. *Brown*, 387 F.3d at 1351 ("The determination that Brown alleged imminent danger of serious physical injury does not end our inquiry. We may affirm the district court on any ground that finds support in the record. If Brown's amended complaint fails to state a claim for deliberate indifference, then the dismissal of the amended complaint must be affirmed." (citation omitted)); *Mitchell*, 873 F.3d at 875–76 (stating that where the district court erred in dismissing Mitchell's complaint on the basis that it failed to satisfy the imminent-danger exception to the three strikes provision, this Court "must still decide whether his complaint states a claim for deliberate indifference to serious medical needs," because "[i]f it does not, then we would be required to affirm the dismissal of his complaint on that ground").

10

First, we must consider whether Wright states a valid claim under the Eighth Amendment as "deliberate indifference to [the] serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Brown*, 387 F.3d at 1351 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). The objective inquiry requires that the prisoner show "an objectively serious medical need." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). If left unattended, it poses a substantial risk of serious harm. *Brown*, 387 F.3d at 1351.

To satisfy the subjective requirement, a prisoner "must prove that the prison official acted with deliberate indifference" to the serious medical need. *Id.* Deliberate indifference requires a prisoner to "prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* Deliberate indifference includes "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all.

11

. . . A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).

We conclude that affirmance based on failure to state a claim is not warranted here. First, we find that "even a lay person would easily recognize the necessity" for medical attention to open stab wounds, open leg sores caused by untreated DVT, and gum disease that makes it hard to eat and requires teeth extraction. Second, Wright alleges that he told Warden Sprayberry and Deputy Warden Black "about what was going on" when he arrived at Hays, and that they stopped his medication and did not treat his stab wounds or broken hand. Wright subsequently filled out three health services request forms requesting medical and dental treatment for his open wounds, leg sores as a result of his DVT, and gum infection, but has not received any medical or dental treatment other than blood pressure checks. "Taking the allegations in the complaint as true," we find that the denial of treatment of Wright's serious medical needs constitutes a claim for deliberate indifference and therefore we decline to affirm on this alternative basis. *Brown*, 387 F.3d at 1351.

Because we find that Wright's complaint alleged that he was in imminent danger of serious physical injury under 28 U.S.C. § 1915(g) and that Wright's complaint stated a claim of deliberate indifference under the Eighth Amendment, we vacate the district court's order dismissing Wright's complaint and remand this

12

action for further proceedings.  We note that in concluding that Wright's complaint was improperly dismissed, we express no opinion as to the ultimate merits of Wright's claims.

VACATED and REMANDED.