DLD-320                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1911
_____

JAMES McLAUGHLIN,
                                        Appellant

v.

LT. HART, Property Room Supervisor, Zone Lieutenant, Medical;
NELSON IANNUZI, Certified Registered Nurse Practitioner, Medical,
a/k/a Toney Iannuzi; SGT. MEYERS, Property Room Sergeant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02851)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH[1], Circuit Judges

(Opinion filed: October 21, 2016)
_____

OPINION[*]
_____

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before
the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46
and Third Circuit IOP 12.1(b).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant James McLaughlin appeals from a district court order granting the Appellees' two motions for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

James McLaughlin, a prisoner at SCI – Frackville acting pro se, has filed this action asserting various violations of his constitutional rights in connection with the prison's alleged repeated failures to provide him with appropriate orthopedic shoes and related foot care. McLaughlin sued correctional officers Hart and Myers, who are employed at SCI – Mahanoy, where McLaughlin is now housed. He has also sued Nelson "Toney" Iannuzi, a Nurse Practitioner at the prison who allegedly displayed deliberate indifference to McLaughlin's serious medical needs and denied him prescribed footwear in response to grievances McLaughlin filed. McLaughlin's claims focus in significant part around a number of grievances he filed with prison officials.

The correctional officers and Iannuzi separately moved for summary judgment. The Magistrate Judge, in a very thorough 41-page Report and Recommendation, analyzed the facts of this matter in detail and recommended that the motions be granted. The District Court granted the Motions for Summary Judgment over McLaughlin's objections. McLaughlin now appeals the District Court's judgment.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

In support of his appeal, McLaughlin contends that the Magistrate Judge and District Court "misapprehended" a number of his grievances and thus reached incorrect conclusions regarding his failure to exhaust. He also states his disbelief that his grievances could be dismissed for missing documentation. Review of the Report and Recommendation and the record, however, suggests that the Magistrate Judge fully understood the grievances at issue. Moreover, the Magistrate Judge properly found that, in the vast majority of instances, McLaughlin failed to meet the procedural requirements necessary to exhaust his claims. See Woodford v. Ngo, 548 U.S. 81, 83-84 (2006) (holding that an inmate must comply with all established procedural requirements of the grievance review process in order to fully exhaust an issue). McLaughlin failed to appeal grievances, failed to timely appeal grievances, and failed to include required paperwork with his grievances. The Magistrate Judge correctly concluded that McLaughlin did not present an evidentiary response to the documented showing by the defendants that his claims relating to the majority of his grievances were procedurally defaulted.[2]

_____

[2] The one grievance that McLaughlin properly procedurally appealed through to the final level of review was appropriately denied because McLaughlin had a pair of boots he had

3

The District Court also correctly found that McLaughlin offered no real evidentiary support for either his First Amendment retaliation or Eighth Amendment deliberate indifference to serious medical need claims, and that the defendants in this case marshaled substantial evidence to show that the decisions to deny McLaughlin's requests were reasonable and based upon Department of Corrections ("DOC") policy. This dispute centers around McLaughlin's suggestion that because he injured his ankle in 2007, and again in 2012, he was somehow entitled to circumvent DOC policy in order to purchase the footwear he desired from a vendor that he selected. However, the evidence shows only that McLaughlin was prevented from purchasing these items from an *unapproved* vendor, not that he was prevented from obtaining appropriate footwear, or footwear that was approved by his doctors at various points of time. In other words, the evidence suggests that McLaughlin's own insistence on trying to purchase the items he wished from a vendor who was unavailable to him caused his own problems, if any existed.

This is not the proper fodder for a viable Eighth Amendment claim, as the District Court properly held. This is not a situation where a prison official knew of a prisoner's need for medical treatment but refused to provide it, delayed necessary medical treatment for a non-medical reason, or prevented a prisoner from receiving needed or recommended medical treatment. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To the

received at SCI – Frackville which he had indicated to the medical staff at SCI – Mahanoy were adequate.

contrary, prison officials were willing to allow McLaughlin to purchase shoes from an *approved* vendor or the commissary pursuant to DOC policy. Correctional officer defendants Hart and Meyers are not medical professionals, and their entire involvement in this claim appears to be limited to preventing McLaughlin from shopping at his desired vendor "Mike's." This was done pursuant to DOC policy, however. The District Court was correct to conclude that there is no evidence that those policies, or the enforcement of them, was designed to prevent McLaughlin from obtaining the footwear he desired and that his doctors recommended.

The Magistrate Judge also correctly indicated that the evidence is even sparer with respect to defendant Iannuzi, who is the only remaining medical defendant in this case. McLaughlin seems to contend that Iannuzi denied him the "medical treatment" of the acquisition of high-top sneakers with ankle support. However, Iannuzi explained, without dispute, that although medical staff may write orders to recommend orthopedic shoes, they are not involved in the purchase of footwear, which must be approved by prison officials. Iannuzi and other medical officials actually had no objection to McLaughlin procuring the footwear he wanted, and in fact took steps to help facilitate this purchase by issuing orders approving the purchase of high-top sneakers from an outside vendor. Summary judgment was appropriate on McLaughlin's Eighth Amendment claims.

McLaughlin's First Amendment claims fare no better. A prisoner claiming that prison officials have retaliated against him for exercising his rights under the First

5

Amendment must prove that, inter alia, he suffered an "adverse action" at their hands. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). However, defendants can prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Id. at 334. Here, the record reveals a clear legitimate penological basis underlying the decision to deny McLaughlin's request to purchase high-top sneakers or other desired footwear from an unapproved outside vendor, or from an outside vendor when the items were available through the commissary: the need to control items entering the prison. This is why the DOC maintains a specific vendor and commissary policy. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). This policy did not prevent McLaughlin from obtaining the items that he wanted, and that were approved by medical personnel; the policy simply dictated the manner in which he needed to obtain them. The District Court properly found that McLaughlin did not establish that enforcement of this across-the-board policy, which did not actually foreclose McLaughlin's purchase, was motivated by McLaughlin's protected conduct (grievance or otherwise), and he has offered nothing to show that the defendants' stated penological basis for denying his purchase requests was a smokescreen. Summary judgment was, therefore, appropriate.

6

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on McLaughlin's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Because of the disposition of this appeal, the Motion Requesting Docket Entries is denied.