[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14867

Non-Argument Calendar

_____

JAMES DARYL WEST,

Plaintiff-Appellant,

*versus*

MARK INCH,
Secretary,
MICHELLE SHOUEST,
USC,
WARDEN, EVERGLADES CORRECTIONAL INSTITUTION,
JANICE HILLS,
Health Service Administrator,
OSCAR ORTEGA,
Chief Health Officer, et al.,

2                    Opinion of the Court                    20-14867

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20953-CMA

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

James West, a Florida prisoner proceeding *pro se*, appeals the district court's *sua* sponte dismissal of his second amended civil rights complaint for failure to state a claim.  He argues that the district court erred in dismissing his complaint and in ruling that he had failed to sufficiently allege Eighth Amendment violations—deliberate indifference to his medical needs and safety—as to certain defendants (Daniel Conn, Department of Corrections Secretary Mark Inch, Janice Hills, Warden Barry Morris, and Michelle Schouest).  As explained below, we affirm.[1]

---

[1] Mr. West brought suit against Secretary Inch in both his individual and official capacities.  His claims against each of the other defendants, however, are against them solely in their individual capacities.

# I

As alleged in the second amended complaint, and as set forth in the attached exhibits, Mr. West had chronic osteoarthritis and a "tiny plantar calcaneal spur." He therefore wore orthopedic shoes. By mid-2017, his shoes had become "worn out" and lost traction. When that had happened some years earlier, in 2014, he had been issued "size 9 3C boots #1."

Because of his worn shoes, Mr. West twice slipped and fell on wet floors, injuring himself. The falls took place on June 2 and 12 of 2017. Mr. West had made attempts to obtain new shoes before falling, including speaking with various people—including some of the defendants—and filing grievances, but his requests were always ultimately denied. Those denials—which we describe in more detail later as necessary—formed the basis of the deliberate indifference claims.

The district court dismissed Mr. West's second amended complaint. It concluded that Mr. West failed to state a deliberate indifference claim against Ms. Hills and Warden Morris for the failure to provide him new shoes and that at most he alleged negligence on their part. The court dismissed the individual and official capacity claims as to Secretary Inch because Mr. West did not allege, respectively, that Secretary Inch was personally involved or that there was a continuing violation of federal law. The court dismissed the claims against Ms. Schouest because Mr. West did not demonstrate that she "responded to a known risk or serious harm in an unreasonable manner" or that there was anything more than

negligence.  Finally, the court dismissed the claim against Mr. Conn because Mr. West did not allege that he was personally involved.[2]

## II

We review *de novo* a district court's *sua sponte* dismissal of an *in forma pauperis* complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the factual allegations in the complaint as true.  *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  We use the same standard for dismissals under § 1915(e)(2)(B)(ii) as under Rule 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Pleadings should contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A written exhibit attached to a pleading is considered part of the pleading.  *See* Fed. R. Civ. P. 10(c).

To survive dismissal under Rule 12(b)(6), a pleading must contain more than mere labels and conclusions.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010).  A facially plausible claim allows a court to

---

[2] The district court allowed Mr. West to file a third amended complaint asserting claims as to two defendants who are not relevant to this appeal.  He did not do so.

draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.*

We hold a *pro se* pleading to a less stringent pleading standard than a counseled pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even though *pro se* pleadings are liberally construed, they still must suggest some factual basis for a claim. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III

Federal law provides a cause of action for private citizens against state actors for violating their federal constitutional and statutory rights. *See* 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federal right.

## A

The Eighth Amendment prohibits deliberate indifference by prison officials to any substantial risks of serious harm to prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). A mistake in judgment does not rise to the level of deliberate indifference. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009). A showing that harm resulted, without more, does not satisfy the burden for deliberate indifference. *See id.* The plaintiff must ultimately show that the official

both was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and drew the inference. *Farmer*, 511 U.S. at 837. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" is not an Eighth Amendment violation. *See id.* at 838. A prisoner claiming deliberate indifference therefore "has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020).

At this stage of the proceedings, of course, Mr. West does not need to prove his Eighth Amendment claims. To stave off dismissal, he only needs to state claims that are plausible under *Twombly* and its progeny. For example, in *Mitchell v. Nobles*, 873 F.3d 869, 876 (11th Cir. 2017), we held that a prisoner had set out a plausible Eighth Amendment claim of deliberate indifference by alleging that the defendants knew that he had hepatitis C and cirrhosis but refused to provide him with any treatment.

## B

With these standards in mind, we turn to the claims of Mr. West against the defendants involved in this appeal.

*Mr. Conn*. Mr. West alleged that Mr. Conn, who was in charge of prison operations, was deliberately indifferent because he "was responsible" for the policies that caused his injuries. The district court correctly concluded that Mr. West failed to state a claim as to Mr. Conn because he did not allege that Mr. Conn had any

knowledge of the state of his shoes. *See Farmer*, 511 U.S. at 837-38; *McElligot v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999).

*Secretary Inch.* Mr. West asserted both individual and official capacity claims against Secretary Inch. He alleged that Secretary Inch was indifferent in his official capacity because Secretary Julie Jones (the former Department of Corrections Secretary) was aware of a policy that kept costs low by denying requests like his own request for replacement shoes. Mr. West, however, made no allegations as to Secretary Inch's personal capacity actions.

The district court correctly dismissed the individual capacity claim against Secretary Inch for the same reason the claim against Mr. Conn was dismissed—Mr. West did not allege that Secretary Inch had any personal knowledge of his particular situation. As to the official capacity claim, Mr. West did not allege that the purported policy itself constituted a constitutional violation, only that it led to deliberate indifference by others. That claim therefore fails as well.

*Ms. Hills.* Mr. West alleged that Ms. Hills was indifferent because she knew about his shoes' poor condition and did not authorize new shoes because of the prison's budget policy. The attachments to the second amended complaint show that Mr. West filed two grievances that Ms. Hill denied on May 9, 2017, and June 1, 2017. Ms. Hills explained that "Medical does not issue shoes for your issue. Athletic shoes are available through the canteen." And she told Mr. West that a "pass" for footwear was written by the provider for medically-issued footwear and that a review of his

medical chart indicated that medical shoes were "not medically necessary."

Both grievances—in which Mr. West requested new orthopedic shoes because his current shoes had lost traction—were filed and denied before Mr. West's first fall on June 2, 2017. Mr. West also filed a third grievance—asking for a pass to get laundry shoes—that Ms. Hills denied on June 11, 2017, the day before his second fall.[3]

Mr. West did not allege any facts that show or suggest that Ms. Hills knew of and disregarded of the risk of serious harm to him based on the condition of his shoes when she rejected his request for new shoes. The medical note attached to the complaint concerning Mr. West's need for special shoes was from 2014, and Mr. West made his request for new shoes in mid-2017, about three years later. His allegations did not rise above mere negligence or mistake on her part in failing to consider and address the risk presented by bad traction on shoes. The district court correctly dismissed the claim against Ms. Hills. *See Bismark v. Fisher*, 213 F. App'x 892, 897 (11th Cir. 2007) (holding, at summary judgment, that a prison doctor was not deliberately indifferent in failing to provide special orthopedic shoes to a prisoner—as recommended

---

[3] Ms. Hills denied another grievance filed by Mr. West on June 20, 2017. In that grievance Mr. West had asked for authorization to allow a friend to buy him orthopedic shoes, but Ms. Hills said that the medical team could provide such authorization and he would need to contact Warden Morris.

by an outside podiatrist—and instead recommending that the prisoner purchase sneakers at the canteen to remediate his foot condition); *McGann v. Coombe*, 1997 WL 738569, at *2 (2d Cir. 1997) (prison officials did not act with deliberate indifference in failing to provide prisoner with orthopedic shoes prescribed by a podiatrist, as their actions constituted a difference in medical judgment). *Cf. McLaughlin v. Hart*, 664 F. App'x 135, 138 (3d Cir. 2016) (prison officials not deliberately indifferent in denying prisoner's request to purchase orthopedic shoes from his desired vendor).

*Warden Morris.* Mr. West alleged that Warden Morris was similarly indifferent because on June 9, 2017—after his first fall—and then on June 23, 2017—after his second fall—he spoke with Warden Morris regarding his need for replacement shoes. According to Mr. West, Warden Morris knew about the poor condition of his shoes, yet did not override the refusal to authorize the order for his new shoes.

Just as with his claim against Ms. Hills, however, Mr. West failed to allege that Warden Morris disregarded a risk of serious harm. Mr. West concedes that during his conversation on June 9, 2017, Warden Morris "stated he would e-mail Janice Hills concerning the shoes condition." Based on Mr. West's own allegations, Warden Morris' reaction was not deliberately indifferent. Warden Morris may have been negligent in not following up, but negligence is not deliberate indifference.

We further note that we need not consider the significance of the second conversation because Mr. West's injuries occurred

prior to it.  In other words, Warden Morris' alleged knowledge and conduct following the second conversation were not the cause of any injuries to Mr. West.  In sum, the claim against Warden Morris was properly dismissed.

*Ms. Schouest.*  Mr. West alleged that Ms. Schouest was deliberately indifferent because she "was personally involved in denying [Mr. West's] request for relief."  But Mr. West did not allege that she knew of the worn condition of his shoes.  He therefore did not allege enough to plausibly state a claim of deliberate indifference as to Ms. Schouest.[4]

### III

In sum, the district court did not err in dismissing Mr. West's deliberate indifference claims against Mr. Conn, Secretary Inch, Ms. Hills, Warden Morris, and Ms. Schouest.

**AFFIRMED.**

---

[4] Mr. West also argues that the district court erred in dismissing Wexford Health Sources, Inc., as a defendant, but Wexford had never been a defendant. The district court made no such error.